## Ash v. Commonwealth Realty Co.

*Donald H. Lipson,* for plaintiff.
*William E. Doyle* and *Robertson B. Taylor,* for defendants.

WIEAND, *J.*, January 3, 1978 — On March 21, 1976, Nancy Ash, plaintiff herein, was the operator of a motor vehicle which was stopped, facing east on Hamilton Street, waiting for the traffic signal to turn green at Fifth and Hamilton Streets in the City of Allentown. While in a stopped position, her vehicle was struck by wooden boards or debris falling from the Commonwealth Building. She filed an action in trespass alleging negligence against Commonwealth Realty Co., the owner of the building, and Alvin H. Butz, Inc., the general contractor who was then engaged in repairing and renovating such building. In her complaint plaintiff alleged personal injuries. Answers to interrogatories revealed that her medical expenses had been less than $750. Defendants thereupon filed motions for summary judgment.

Their motions rely upon the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 Pa.C.S.A. §1009.301, which in section 301 abolishes tort liability "with respect to any injury that takes place in this State in accordance with the provisions of [the] act if such injury arises out of the maintenance or use of a motor vehicle . . ." Although the statute contains various exceptions, including one where the reasonable value of medical expenses exceeds $750, the parties are agreed that the exceptions have no applicability to the instant claim. If the injuries sustained by Nancy Ash arose "out of the maintenance or use of a motor vehicle," defendants contend, then this action cannot be maintained.

To determine the legislative intent, we look initially to the purposes to be accomplished by the Pennsylvania No-fault Motor Vehicle Insurance Act. Section 102(b) thereof, 40 Pa.C.S.A.

§1009.102(b), declares the policy of the legislature to be "to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims . . ." The purpose of this legislation was to eliminate tort liability in order to keep insurance rates for motorists at a minimum. A tortfeasor who is not a motorist would seem to be outside the legislative plan. It seems apparent also that the legislature intended to provide prompt and adequate benefits for "motor vehicle accident victims."

In the instant case, plaintiff was not the victim of a motor vehicle accident; neither did her injuries arise from the use or maintenance of a motor vehicle. If the averments of her complaint are true and correct, and for present purposes we assume that they are, she was the victim of a falling object, an object which became subject to the unrestrained forces of gravity by virtue of the negligence of one or both defendants. Tort liability for such negligent conduct is not barred by the no-fault statute. Defendants' liability is not foreclosed by virtue of the fact that plaintiff happened to be sitting in a motor vehicle when she was struck by this falling object.

Because plaintiff's cause of action is not one that is barred by the Pennsylvania No-fault Motor Vehicle Insurance Act, defendants' motions for summary judgment will be denied.

## ORDER

Now, January 3, 1978, for reasons appearing in an accompanying opinion, it is ordered that defendants' motions for summary judgment be and the same are hereby denied.